**BERGIN, FRAKES, SMALLEY & OBERHOLTZER, PLLC**
Brian Bergin, #016375
bbergin@bfsolaw.com
4343 East Camelback Road, Suite 210
Phoenix, Arizona 85018
Telephone: (602) 888-7855
Facsimile: (602) 888-7856

**MANATT, PHELPS & PHILLIPS, LLP**
Brad W. Seiling (Bar No. CA 143515)
(*pro hac vice forthcoming*)
E-mail: BSeiling@manatt.com
Cody A. DeCamp (Bar No. CA 311327)
(*pro hac vice forthcoming*)
E-mail: CDeCamp@manatt.com
2049 Century Park East
Suite 1700
Los Angeles, California 90067
Telephone:   310.312.4000
Facsimile:   310.312.4224

*Attorneys for Defendant Pacific Sunwear of California, LLC*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Williams, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Pacific Sunwear of California, LLC., a California Limited Liability Company,<br><br>Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that Defendant Pacific Sunwear of California, LLC files this Notice of Removal pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453(b), and in accordance with LRCiv 3.6, based on the grounds set forth below.

## I. STATEMENT OF JURISDICTION AND VENUE

1. The state court action is one that may be removed pursuant to 28 U.S.C. § 1441(a) because the federal district court has original jurisdiction over the action.

2. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than 100 members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

3. CAFA authorizes removal of such actions in accordance with 28 U.S.C. §§ 1446 and 1453(b). As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

4. Plaintiffs originally brought this action in the Superior Court of the state of Arizona, County of Maricopa ("Maricopa County Superior Court"). Therefore, venue lies in the District of Arizona pursuant to 28 U.S.C. §§84(c)(2), 1441(a), and 1446(a).

## II. PLEADINGS, PROCESS, AND ORDERS

5. On July 1, 2024, Plaintiff filed a Complaint against Defendant in the Maricopa County Superior Court, as case No. CV2024-017119 (the "Complaint"). The Complaint asserts a cause of action against Defendant under Arizona Revised Statute §44-1376.01. (Compl. ¶¶ 39–48) (the "State Court Action").

6. Pursuant to 28 U.S.C. § 1446(a) and LRCiv 3.6(b), true and correct copies of all other process, pleadings, and orders served upon Defendant in the State Court Action, including the original Complaint, as well as counsel's verification that true and complete copies of all pleadings and other documents filed in the state court proceeding have been filed, are attached to this Notice as **Exhibits 1–7:**

(1) Civil Cover Sheet (JS-44)
(2) Supplemental Civil Case Cover Sheet
(3) Maricopa County Superior Court Docket No. CV2024-017119

|    |      |                                                                                  |
|----|------|----------------------------------------------------------------------------------|
| 1  | (4)  | The Operative Complaint                                                          |
| 2  | (5)  | July 18, 2024 Affidavit of Service                                               |
| 3  | (6)  | The remainder of the state court record                                          |
| 4  | (7)  | Verification of counsel that true and correct copies of all pleadings in the State Court Action have been filed. |

### III. TIMELINESS OF REMOVAL

7. An action may be removed from state court by filing a notice of removal—together with a copy of all process, pleadings, and orders served on the defendant—within thirty days of defendant receiving service of the initial pleading. *See* 28 U.S.C. § 1446(b); *Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that "defendant's period for removal will be no less than 30 days from service" of the summons and complaint).

8. Removal of this action is timely. The removal deadline is thirty days after service of the summons and complaint. 28 U.S.C. § 1446(b). Defendant was purportedly served on July 11, 2024, rendering the deadline for removal August 12, 2024. As noted, this Notice of Removal contains all process, pleadings, and orders served on Defendants. (*See* Exhibits 3, 6.)

### IV. CAFA JURISDICTION

9. This Court has original jurisdiction over this action pursuant to CAFA, which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than 100 members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). This case meets each CAFA requirement for removal.

**A.     This Action is a Putative Class Action.**

10.     Original jurisdiction under CAFA applies to any civil action that "is a class action." 28 U.S.C. § 1332(d)(2).  A "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

11.     Arizona Rule of Civil Procedure 23 provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." "Arizona Rule of Civil Procedure 23 is identical to Federal Rule of Civil Procedure 23, and Arizona courts view federal cases construing the federal rule as authoritative, though not controlling." *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 533 (9th Cir. 2011) (internal quotations omitted).

12.     The Complaint is captioned and styled as a class action. *See* Ex. 1.  Plaintiff purports to bring the action "on his own behalf and on behalf and on behalf of a class (the 'Class') pursuant to Arizona Rules of Civil Procedure Rule 23." *Id.*, ¶ 31. Specifically, Plaintiff seeks to certify a class of "[a]ll persons within Arizona who have opened a marketing email containing a tracking pixel from Defendant within the relevant statute of limitations." *Id.* This action is thus a putative class action removable under 28 U.S.C. § 1332(d)(2).

**B.     The Putative Class is Sufficiently Numerous.**

13.     Under 28 U.S.C. § 1332(d)(5)(B), the number of members of all proposed plaintiff classes must equal or exceed 100 in the aggregate for the action to be removable under CAFA.

14.     The Complaint alleges that "[u]pon information and belief, there are thousands of members of the Class, making the members of the Class so numerous that joinder of all

members is impracticable." Ex. 1, ¶ 33. Thus, CAFA's requirement that the putative class consist of 100 or more individuals is satisfied.

### D. There is Diversity of Citizenship Between the Parties.

15. CAFA's minimal diversity requirement is satisfied, thus making the putative class action removable if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

16. Plaintiff alleges that he "is a resident within the State of Arizona." Ex. 1, ¶ 10.

17. Pacific Sunwear of California, LLC is a California limited liability company with its principal place of business in Anaheim, California. Ex. 1, ¶ 11. A limited liability company is also "a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). For purposes of removal, "Defendant must list the members of each LLC and affirmatively allege the citizenship of each, using the proper legal standard for each—alleging the place of domicile for members who are natural individuals, the place of incorporation and principal place of business for members that are corporations, and, if any of the LLC's members are LLCs, the citizenship of each of the member LLC's members must be alleged, again using the proper legal standards." *ALC Power Rd. LLC v. Nationwide Gen. Ins. Co.*, 2024 WL 37963, at *1 (D. Ariz. Jan. 3, 2024). Here, Pacific Sunwear of California, LLC has two members, both of whom are natural individuals: Michael Miles and Brieane Olson. *See* **Exhibit 8**. Both Mr. Miles and Ms. Olson are domiciled in California, not Arizona. *See id*. Accordingly, defendant Pacific Sunwear of California, LLC is a citizen of the state of California. *See Equip. Leasing Servs. LLC v. O-Factor LLC*, 2021 WL 2634527, at *3 (D. Ariz. May 3, 2021) (finding allegations and evidence similar to those presented here sufficient to establish citizenship of an LLC for purposes of removal).

18. Because the named Plaintiffs are citizens of a state different from Defendants, diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

**E.     The Amount in Controversy Exceeds $5,000,000.**

19.     Under the removal statute, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

20.     The Supreme Court confirmed that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). The Ninth Circuit and District of Arizona are in accord. Arias v. Residence Inn by Marriott, 936 F.3d 920, 922 (9th Cir. 2019) ("a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements[.]"); *Filley v. ACE Am. Ins. Co.*, 2022 WL 167868, at *1 (D. Ariz. Jan. 19, 2022) ("Under § 1446(a), the notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, but the defendant must submit evidence establishing the amount when the plaintiff contests the removal or the court questions it[.]") (internal citations omitted, relying on *Dart Cherokee*). A Defendant's amount in controversy allegations "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87.

21.     The Complaint asserts a single cause of action under A.R.S. § 44-1376.01. Ex. 1, ¶¶ 39-48. The Complaint does not explicitly allege the amount in controversy, but the allegations therein plausibly allege that the amount in controversy exceeds $5,000,000. *See* Dkt. 1. Specifically, a violation of A.R.S. § 44-1376.01 allows a plaintiff to recover "[d]amages equal to the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation **but in no case shall a person entitled to recover receive less than one thousand dollars**." *Id.* § 44-1376.04(A)(3) (emphasis added). The Complaint provides that the class of persons whom Plaintiff seeks to represent, "[a]ll persons Within Arizona who have opened a Marketing email containing a tracking pixel from Defendant within the relevant statute of limitations[,]" consists of "thousands of members[.]" Ex. 1, ¶¶ 31. The Complaint further alleges that damages under the statute are

5

available on a per violation basis, arguing that "[e]ach time Defendant sent an email containing a spy pixel, Defendant procured a communication service record, thus committing a separate violation of A.R.S. § 44-1376.01." Ex. 1, ¶ 46. For his part, Plaintiff alleges that he "frequently" received emails from Defendant, suggesting that he is seeking relief for multiple violations of the statute. *Id.*, ¶ 23–25.

22. It is plausible from the Complaint that at least 5,000 individuals received a marketing email from Defendant during the two-year statute of limitations period. A.R.S. § 44-1376.04(B) ("A civil action under this section may not be commenced more than two years after the date on which the claimant first discovered or had a reasonable opportunity to discover the violation."). Additionally, it is plausible that other putative class members (like Plaintiff) may have received and opened multiple emails during the putative class period.

23. Thus, based on the allegations in the Complaint and Plaintiff's theory of liability, the $5,000,000 aggregate amount in controversy requirement under 28 U.S.C. § 1332(d)(6) is satisfied.

## V.   COMPLIANCE WITH STATUTORY REQUIREMENTS

24. In accordance with 28 U.S.C. § 1446(d) and LRCiv 3.6, Defendants will provide written notice of the filing of this Notice of Removal to counsel of record for Plaintiffs, and Defendants will promptly file a Notice of Filing of Notice of Removal with the Clerk of Maricopa County Superior Court, which will attach this Notice (without exhibits).

25. By filing this Notice, Defendant does not waive and expressly reserves any defense that may be available to it, including, without limitation, any defenses relating to service of process and jurisdiction, and any contention that this action is subject to mandatory arbitration. Defendant further does not concede that the allegations in the Complaint state a valid claim under any applicable law or that the allegations are true.

26. Defendant reserves the right to submit additional factual support, evidence, and affidavits to support the basis for federal jurisdiction as necessary at the appropriate time.

WHEREFORE, Defendant hereby removes this action from the Superior Court of the State of Arizona, County of Maricopa, to the United States District Court for the District of Arizona pursuant to CAFA.

Dated: August 9, 2024

**BERGIN, FRAKES, SMALLEY & OBERHOLTZER, PLLC**

By: */s/ Brian Bergin*
Brian Bergin
4343 East Camelback Road, Suite 210
Phoenix, AZ 85018
*Attorney for Defendant Pacific Sunwear Of California, LLC*