**BERGIN, FRAKES, SMALLEY & OBERHOLTZER, PLLC**
Brian M. Bergin (AZ Bar No. 016375)
Email: BBergin@bfsolaw.com
4343 East Camelback Road, Suite 210
Phoenix, Arizona 85018
Telephone: 602.888.7855
Email: bbergin@bfsolaw.com

**MANATT, PHELPS & PHILLIPS, LLP**
Brad W. Seiling (Admitted *Pro Hac Vice)*
Email: BSeiling@manatt.com
Nathaniel L. Bach (Admitted *Pro Hac Vice*)
Email: NBach@manatt.com
Cody A. DeCamp (Admitted *Pro Hac Vice*)
Email: CDeCamp@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: 310.312.4000

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Anthony Williams, individually and on behalf of all others similarly situated,

Plaintiff,

v.

Pacific Sunwear of California, LLC,

Defendant.

No. CV-24-02015-PHX-JJT

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**(ORAL ARGUMENT REQUESTED)**

## TABLE OF CONTENTS


Page

INTRODUCTION ..... 1
I. STATEMENT OF FACTS ..... 1
II. FED. R. CIV. P. 12(B)(2): PERSONAL JURISDICTION ..... 2
ARGUMENT ..... 2
I. PACSUN IS NOT SUBJECT TO JURISDICTION IN ARIZONA. ..... 2
   A. PacSun is not Subject to General Jurisdiction. ..... 3
   B. PacSun is not Subject to Specific Jurisdiction. ..... 3
      1. PacSun Did Not Purposefully Direct Activities into Arizona. ..... 4
      2. Plaintiff's Claim Does Not Arise Out of PacSun's Forum-Related Activities. ..... 9
CONCLUSION ..... 11

## TABLE OF AUTHORITIES

**Page**

### CASES

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*,
751 F.3d 796 (7th Cir. 2014) .......... 7

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
874 F.3d 1064 (9th Cir. 2017) .......... 4, 5

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*,
582 U.S. 255 (2017) .......... 9

*Calder v. Jones*,
465 U.S. 783 (1984) .......... 5

*Casiano v. Predator Motorsports Inc.*,
2023 WL 6127720 (D. Ariz. Sept. 19, 2023) .......... 7, 9

*Chorost v. Rotor Am. Inc.*,
2022 WL 17361299 (D. Ariz. Aug. 8, 2022) .......... 7, 8

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) .......... 3, 4

*Gillespie v. Cracker Barrel Old Country Store Inc.*,
2022 WL 2905041 (D. Ariz. July 22, 2022) .......... 10

*Glutz v. Fitness Int'l LLC*,
2020 WL 7016469 (D. Ariz. June 11, 2020) .......... 6, 8

*Gonzalez v. US Hum. Rts. Network*,
512 F. Supp. 3d 944 (D. Ariz. 2021) .......... 5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011) .......... 3

*Hartley v. Urb. Outfitters, Inc.*,
--- F. Supp.3d ----, 2024 WL 3445004 (E.D. Pa. July 17, 2024) .......... 1

*Humphries v. Allstate Ins. Co.*,
2018 WL 1510441 (D. Ariz. Mar. 27, 2018) .......... 3, 10

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945) .......... 3

*James v. Caesars Ent. Corp.*,
2019 WL 4673338 (D. Ariz. Sept. 25, 2019) .......... 6

*Johnson v. Mitchell*,
2013 WL 595218 (E.D. Cal. Feb. 15, 2013) .......... 6

## TABLE OF AUTHORITIES
(continued)

**Page**

*Lauck v. Cnty. of Campbell*,
2021 WL 2780868 (D. Ariz. July 2, 2021) .......... 6

*Legendz Ent., LLC v. Cam Specialty Lending 1, Ltd*,
2024 WL 2848263 (C.D. Cal. June 5, 2024) .......... 7

*Lewis v. Four Seasons Hotel Ltd.*,
2024 WL 2104399 (C.D. Cal. Mar. 29, 2024) .......... 8

*Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*,
2012 WL 13026724 (D. Ariz. July 11, 2012) .......... 7

*Mach 1 Glob. Servs. Inc. v. Tramar Glob. LLC*,
2021 WL 2002973 (D. Ariz. May 19, 2021) .......... 2, 4

*Modulus Fin. Eng'g Inc. v. Modulus Data USA Inc.*,
2020 WL 2512785 (D. Ariz. May 15, 2020) .......... 7, 8

*Morrill v. Scott Fin. Corp.*,
873 F.3d 1136 (9th Cir. 2017) .......... 3, 4, 6, 8

*Nutrition Distribution LLC v. Juggernaut Nutrition LLC*,
2018 WL 4385598 (D. Ariz. Sept. 14, 2018) .......... 10

*Peterson v. Kennedy*,
771 F.2d 1244 (9th Cir. 1985) .......... 6

*Powers v. One Techs., LLC*,
2021 WL 3519282 (W.D.N.C. Aug. 10, 2021) .......... 7

*Rodriguez v. W. Coast Aircraft Maint.*,
2019 WL 5188794 (D. Ariz. Oct. 15, 2019) .......... 10

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) .......... 2, 3, 4

*Sessa v. Ancestry.com Operations Inc.*,
--- F.Supp.3d ----, 2024 WL 195995 (D. Nev. Jan. 17, 2024) .......... 6

*Sher v. Johnson*,
911 F.2d 1357 (9th Cir. 1990) .......... 2

*Sundby v. Johnson*,
2020 WL 995572 (D. Ariz. Mar. 2, 2020) .......... 5, 6

*Travelers Cas. & Sur. Co. of Am. v. Telstar Const. Co.*,
252 F. Supp. 2d 917 (D. Ariz. 2003) .......... 9

*Walden v. Fiore*,
571 U.S. 277 (2014) .......... 4, 5

## TABLE OF AUTHORITIES
(continued)

**Page**

*Yamashita v. LG Chem, Ltd.*,
62 F.4th 496 (9th Cir. 2023) ........................................ 9

**STATUTES**

A.S. § 44-1376, *et seq,* Arizona Records Act ........................................ 1, 5

**RULES**

AZ ST RCP Rule 4.2 ........................................ 2

Fed. R. Civ. P. 4(k)(1)(A) ........................................ 2

Fed. R. Civ. P. 12(b)(2) ........................................ 1, 2

**INTRODUCTION**

Plaintiff Anthony Williams ("Plaintiff") alleges that Defendant Pacific Sunwear of California, LLC ("PacSun") embedded "hidden spy pixel trackers" in marketing emails sent to consumers in violation of the Arizona Telephone, Utility and Communication Service Records Act, A.S. § 44-1376, *et seq* (the "Arizona Records Act"). Complaint ("Compl."), ¶ 2. Since the Arizona Records Act's enactment in 2006, it "has never been invoked in a civil action of this nature" until late 2023, when a wave of similar suits were filed pushing this novel theory. *Hartley v. Urb. Outfitters, Inc.*, --- F. Supp.3d ---- , 2024 WL 3445004, at *4 (E.D. Pa. July 17, 2024) (collecting cases). The plain language of the Arizona Records Act's statutory scheme makes readily apparent that it does not encompass the conduct alleged here, and there are numerous other substantive defects with Plaintiff's Complaint.

But there is a more fundamental problem with Plaintiff's attempt to hale PacSun into this Court: PacSun is not subject to general or specific jurisdiction in Arizona. PacSun is not subject to general jurisdiction in Arizona because it is a California limited liability company with its principal place of business in California. Sending emails to Plaintiff as part of broadly applicable, national advertising campaigns is not sufficient to sustain a finding of specific jurisdiction over PacSun. The Court should dismiss Plaintiff's Complaint under Rule 12(b)(2).

## I. STATEMENT OF FACTS.

PacSun is a "California-based" apparel brand and "one of the nation's largest retailers[.]" Compl., ¶ 1. PacSun, like nearly every other business in the world, sends "marketing emails to its consumers to entice them to purchase its products." *Id.*, ¶ 2. Plaintiff alleges that these emails contain what he calls "spy pixels," which "measure various metrics while gathering information about email recipients." *Id.*, ¶¶ 13, 14. These trackers allegedly inform PacSun when the recipients read the emails. *Id.*, ¶¶ 16, 20.

Plaintiff alleges that he "frequently received and opened marketing emails from Defendant to review promotional materials." *Id.*, ¶ 23. He further alleges that PacSun "procured information identifying him and collected sensitive information, including when

he opened and read the email" via its "spy pixel" each time he opened one of these emails from Defendant. *Id.*, ¶ 25. As a result, Plaintiff seeks to certify a class of "[a]ll persons within Arizona who have opened a marketing email containing a tracking pixel from Defendant within the relevant statute of limitations." *Id.*, ¶ 31.

The Complaint's sole jurisdictional allegation avers that PacSun "knowingly conducts business in Arizona such that it has sufficient minimum contacts with Arizona and has purposefully availed itself of Arizona markets to make it reasonable for this Court to exercise jurisdiction over Defendant, and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant violated the privacy rights of Plaintiff and other Class members in this State." *Id.*, ¶ 8.

## II. FED. R. CIV. P. 12(B)(2): PERSONAL JURISDICTION.

Federal courts must dismiss a defendant under Rule 12(b)(2) when the defendant is not subject to personal jurisdiction in the forum state. "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). Plaintiff must "make a prima facie showing of jurisdictional facts" and "cannot simply rest on the bare allegations of [their] complaint." *Schwarzenegger*, 374 F.3d at 800. (internal citations and quotation marks omitted).

## ARGUMENT

## I. PACSUN IS NOT SUBJECT TO JURISDICTION IN ARIZONA.

Where, as here, there is no federal statute governing personal jurisdiction, "the district court applies the law of the state in which the district court sits." *Id.* (citing Fed. R. Civ. P. 4(k)(1)(A)). Arizona law "allows the exercise of personal jurisdiction to the same extent as the United States Constitution[,]" and, accordingly, "a court in Arizona may exercise personal jurisdiction over a nonresident defendant so long as doing so accords with constitutional principles of due process." *Mach 1 Glob. Servs. Inc. v. Tramar Glob. LLC*, 2021 WL 2002973, at *2 (D. Ariz. May 19, 2021) (citing AZ ST RCP Rule 4.2).

Constitutional due process principles require "that defendants 'have certain minimum contacts' with a forum state 'such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141 (9th Cir. 2017) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Plaintiffs carry their burden of establishing a defendant's minimum contacts with the forum by showing that defendant either "has 'continuous and systematic general business contacts' with a forum state (general jurisdiction), or if the defendant has sufficient contacts arising from or related to specific transactions or activities in the forum state (specific jurisdiction)." *Morrill*, 873 F.3d at 1142 (quoting *Schwarzenegger*, 374 F.3d at 800–02). PacSun is not subject to jurisdiction in Arizona under either theory.

**A. <u>PacSun is not Subject to General Jurisdiction.</u>**

For the Court to exercise general jurisdiction over PacSun, Plaintiff must prove that the PacSun's "affiliations with the State [are] so continuous and systematic as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014) (quotations omitted). For entities such as PacSun, the "paradigm bases" for general jurisdiction are where it is incorporated or where it maintains its principal place of business. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *Humphries v. Allstate Ins. Co.*, 2018 WL 1510441, at *2 (D. Ariz. Mar. 27, 2018) ("The 'paradigm bases' for general jurisdiction over a corporation are at their place of incorporation and principal place of business.").

Plaintiff accurately alleges that PacSun is a California limited liability company with its principal place of business in California. Compl., ¶ 11. Thus, the Court lacks general jurisdiction over PacSun. *Humphries*, 2018 WL 1510441, at *2 (dismissing where defendant's principal place of business and place of incorporation was not Arizona).

**B. <u>PacSun is not Subject to Specific Jurisdiction.</u>**

In the absence of general jurisdiction, a court may exercise specific jurisdiction where such exercise comports with due process. Specific personal jurisdiction depends on an "activity or an occurrence that takes place in the forum State" and is "confined to

adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Daimler*, 571 U.S. at 919 (citations and internal quotations omitted). In other words, there needs to be a "substantial connection" between the defendant, the forum, and the underlying claims alleged. *See Walden v. Fiore*, 571 U.S. 277, 284, 291 (2014).

The Ninth Circuit employs a three-part test to determine whether the exercise of specific personal jurisdiction meets the requirements of due process: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Morrill*, 873 F.3d at 1142 (quoting *Schwarzenegger*, 374 F.3d at 802). Plaintiff bears the burden of establishing the first two prongs of the test. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). If a plaintiff meets their burden, the burden then shifts to defendant to establish the third prong. *Id.* "All three requirements must be met for the exercise of jurisdiction to comport with constitutional principles of due process." *Mach 1 Glob. Servs. Inc.*, 2021 WL 2002973, at *4.

Plaintiff cannot satisfy his burden here.

**1. PacSun Did Not Purposefully Direct Activities into Arizona.**

Sending a generally applicable marketing email to someone who happens to live in Arizona is insufficient to establish that PacSun purposefully directed activities into Arizona.

The proper standard for evaluating the first prong of the jurisdictional inquiry—whether PacSun purposefully directed conduct into the forum or purposefully availed itself of the privilege of conducting activities in the forum—turns on whether the action sounds in contract or tort. *Morrill*, 973 F.3d at 1142. Here, the Complaint alleges tortious violations

of the Arizona Records Act, so the purposeful direction analysis applies. Compl., ¶¶ 39–48. To establish that PacSun purposefully directed acts or conduct into Arizona, Plaintiff bears the burden of establishing that PacSun "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state[.]" *Axiom Foods, Inc.*, 874 F.3d at 1069 (citing *Calder v. Jones*, 465 U.S. 783 (1984)).

PacSun does not contest that sending emails to Plaintiff at his request was intentional. Plaintiff's attempt to invoke jurisdiction in Arizona, however, fails at step two since none of the wrongful conduct alleged in the Complaint was "expressly aimed" at Arizona.

Conduct is "expressly aimed" at a forum where a defendant has engaged in "individualized targeting" of a plaintiff whom defendant knows is a resident of the forum state. *Axiom Foods, Inc.*, 874 F.3d at 1069. However, "[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden v. Fiore*, 571 U.S. 277, 286 (2014). To that end, the "mere fact that [a defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Id.* at 291. Put differently, the relevant minimum contacts are "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 285. Indeed, where a plaintiff is an individual, and not a business or other entity, "his injury is personal and not directed towards the state." *Sundby v. Johnson*, 2020 WL 995572, at *4 (D. Ariz. Mar. 2, 2020).

Courts in the Ninth Circuit and Arizona routinely find that sending emails to a plaintiff residing in a certain forum, without more, is insufficient to establish purposeful direction. *See*, *e.g.*, *Gonzalez v. US Hum. Rts. Network*, 512 F. Supp. 3d 944, 956 (D. Ariz. 2021) ("[T]he law in the Ninth Circuit is clear—phone calls, emails, and similar forms of communication with a plaintiff in the forum state 'simply do not qualify as purposeful

activity invoking the benefits and protection of the [forum] state.'") (quoting *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985)).[1] To hold otherwise would stretch due process considerations to their breaking point. As one court explained:

> If personal jurisdiction could be established by merely sending an email to anyone, anywhere, the bounds of personal jurisdiction would be nearly limitless. This is particularly true in light of the mobility of email. Regardless of plaintiff's physical location, he can access his email nearly anywhere in the world and the email addresses itself is not location-specific as physical mailing addresses are.

*Johnson v. Mitchell*, 2013 WL 595218, at *7 (E.D. Cal. Feb. 15, 2013), *report and recommendation adopted*, 2013 WL 2102814 (E.D. Cal. May 14, 2013); *see also Sundby*, 2020 WL 995572, at *3 (citing *Johnson* and holding "the fact that Defendant emailed and texted Plaintiff while he resided in Arizona" insufficient to compel Defendant to answer a claim filed in Arizona).

Courts have found that nationwide advertising campaigns, like the ones at issue here, do not demonstrate that a defendant has specifically targeted a particular forum. *Sessa v. Ancestry.com Operations Inc.*, --- F.Supp.3d ----, 2024 WL 195995, at *5 (D. Nev. Jan. 17, 2024) (finding no personal jurisdiction where defendant "markets widely, sending email promotions and advertising subscription services on its website, without regard to the user's location."); *Glutz v. Fitness Int'l LLC*, 2020 WL 7016469, at *4 (D. Ariz. June 11, 2020) (no express targeting of Arizona where defendant's "promotions did not target

---

[1] This conclusion applies in equal force under both the purposeful availment or purposeful direction analysis. *See*, *e.g.*, *Morrill*, 873 F.3d at 1144 (emails sent to Arizona resident insufficient to demonstrate purposeful direction, since any links to Arizona "occurred only because it happened to be where Plaintiffs resided"); *Lauck v. Cnty. of Campbell*, 2021 WL 2780868, at *5 (D. Ariz. July 2, 2021) ("Generally, phone calls and emails are not considered a purposeful contact for express aiming."); *James v. Caesars Ent. Corp.*, 2019 WL 4673338, at *4 (D. Ariz. Sept. 25, 2019) ("Plaintiff also fails to establish personal jurisdiction with her one-on-one phone and email communications with Defendant. The Court cannot assume that Defendant intentionally targeted Arizona simply because of routine, occasional interactions with an Arizona resident. [. . .] Without actually targeting Arizona, Defendant could not have foreseen litigation there just because it engaged in generic and remote communications with an Arizona resident.").

Arizona specifically—they targeted *all* 50 United States and Washington, D.C.") (emphasis in original); *Chorost v. Rotor Am. Inc.*, 2022 WL 17361299, at *7 (D. Ariz. Aug. 8, 2022) (finding no purposeful availment where there was "no evidence that [defendant] designed advertising for the Arizona market or distributed significant advertising within Arizona; to the contrary, the evidence indicate[d] the advertising was national with no emphasis on Arizona."); *Modulus Fin. Eng'g Inc. v. Modulus Data USA Inc.*, 2020 WL 2512785, at *5 (D. Ariz. May 15, 2020) (holding that defendant's advertisements appearing in Arizona insufficient to establish express aiming into the forum absent evidence that advertisements were "specifically directed at Arizona consumers"); *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 2012 WL 13026724, at *6 (D. Ariz. July 11, 2012) ("an act national in scope, not targeting any particular person or place, is insufficient to establish personal jurisdiction."); *see also Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014) ("The fact that [defendant] maintains an email list to allow it to shower past customers and other subscribers with company-related emails does not show a relation between the company and Indiana. Such a relation would be entirely fortuitous, depending wholly on activities out of the defendant's control."); *Powers v. One Techs., LLC*, 2021 WL 3519282, at *3 (W.D.N.C. Aug. 10, 2021) ("nationwide marketing programs will not satisfy minimum contacts with a forum since there is no specific targeting of the forum state or its citizens.").

Moreover, a defendant does not purposefully direct activities into a forum where plaintiff initiates and invites that contact. *See*, *e.g.*, *Casiano v. Predator Motorsports Inc.*, 2023 WL 6127720, at *4 (D. Ariz. Sept. 19, 2023) (holding plaintiff's argument that defendant's "targeted email campaign demonstrates purposeful availment falls short. [Plaintiff] alleged only that he began receiving targeted email communications after his late 2015/early 2016 parts purchase; he offered no controverting evidence that he did not request these emails by opting in. [. . .] Even if [defendant] initiated the email campaign, it still would fall short under a theory of individualized targeting because individualized targeting 'will not, on its own, support the exercise of specific jurisdiction.'"); *Legendz*

*Ent., LLC v. Cam Specialty Lending 1, Ltd*, 2024 WL 2848263, at *5 (C.D. Cal. June 5, 2024) (holding no purposeful direction where defendant "responded to contact that [plaintiff] initiated."); *Lewis v. Four Seasons Hotel Ltd.*, 2024 WL 2104399, at *6 (C.D. Cal. Mar. 29, 2024) (holding no express aiming where plaintiff initiated contact with defendant travel agent in the first instance). As discussed below, Plaintiff voluntarily enrolled in PacSun's Loyalty program whose members receive marketing emails.

Here, any links to Arizona, including the alleged email correspondence, "occurred only because it happened to be where [plaintiff] resided." *Morrill*, 873 F.3d at 1144. The Complaint contains the conclusory allegation that jurisdiction is proper because "Plaintiff's claims arise out of Defendant's unlawful in-state actions." Compl., ¶ 8. But Plaintiff must support this allegation with facts demonstrating that PacSun's marketing emails specifically targeted Arizona consumers. *See Glutz*, 2020 WL 7016469, at *4; *Chorost*, 2022 WL 17361299, at *7; *Modulus Fin. Eng'g Inc.*, 2020 WL 2512785, at *5. The Complaint is bereft of any allegations that PacSun either deliberately targeted Arizona consumers, or individually targeted Plaintiff with knowledge of his connections to Arizona. *See* Compl. To the contrary, Plaintiff alleges that PacSun generally sends "marketing emails to its consumers to entice them to purchase its products" without regard to where they reside. *Id.*, ¶ 2.

The evidence underscores why Plaintiff cannot establish specific jurisdiction over PacSun in Arizona. PacSun only sends promotional emails to consumers who enroll in its Loyalty program or otherwise sign-up to receive them. Declaration of Jesse Isola ("Isola Decl."), attached hereto as Exhibit 1, ¶¶ 4, 6. A consumer can opt in to receive emails by providing their email address in connection with a purchase or enrolling in PacSun's loyalty program. *Id.*, ¶ 4. PacSun's email marketing is forum-agnostic; all consumers who have opted into receive marketing emails will receive them regardless of where they reside. *Id.*, ¶ 6. And PacSun does not create separate marketing or promotional emails explicitly targeting Arizona or its citizens. *Id.*

Plaintiff's conclusory jurisdictional allegations cannot overcome PacSun's

evidentiary showing. As a matter of evidentiary fact, PacSun did not "expressly aim" its marketing emails to Arizona. The Complaint should be dismissed on jurisdictional grounds given the absence of these facts.

**2. Plaintiff's Claim Does Not Arise Out of PacSun's Forum-Related Activities.**

Even if Plaintiff can show that PacSun maintains some presence in Arizona, his claims do not arise from these contacts and they cannot form the basis for jurisdiction. As the Ninth Circuit recently explained, courts in this Circuit "have long understood that for an injury to arise out of a defendant's forum contacts required 'but for' causation, in which 'a direct nexus exists between [a defendant's] contacts [with the forum state] and the cause of action.'" *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 504 (9th Cir. 2023). The Court need not address this prong if it finds that PacSun did not expressly aim its marketing emails to the Arizona forum. *See Casiano*, 2023 WL 6127720, at *4.

While PacSun does operate a small number of retail locations in Arizona, is registered to do business in Arizona, and maintains an agent for service of process in Arizona, these facts "relate to general jurisdiction, not jurisdiction specifically related to this action." *Travelers Cas. & Sur. Co. of Am. v. Telstar Const. Co.*, 252 F. Supp. 2d 917, 935 (D. Ariz. 2003) (holding that plaintiff's claims did not "arise out of" defendant's contacts with Arizona). As the Supreme Court has recently explained, "[f]or specific jurisdiction, a defendant's general connections with the forum are not enough." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 264 (2017) (rejecting specific jurisdiction analysis that relaxed requirement that claims arise from defendant's forum-related contact "if the defendant has extensive forum contacts that are unrelated to those claims.").

Even if these factors were analyzed in the context of specific jurisdiction, however, they would still not support the exercise of jurisdiction over PacSun where those contacts are not related to Plaintiff's claim. *See Bristol-Myers Squibb Co.*, 582 U.S. at 264 (holding that without connection between the forum and claims alleged, "specific jurisdiction is

lacking regardless of the extent of a defendant's unconnected activities in the State."); *see also Rodriguez v. W. Coast Aircraft Maint.*, 2019 WL 5188794, at *4 (D. Ariz. Oct. 15, 2019) ("Plaintiff asserts the following contacts are sufficient: Defendant Textron is registered to do business in Arizona, has an agent for service process, and runs a service center in Mesa, Defendants Pratt & Whitney is registered to do business in Arizona, has an agent for service process, and has employees, Defendants Hartzell and Woodward operate internationally marketing and selling products worldwide. Assuming these contacts are sufficient to determine that the Defendants purposefully availed themselves of Arizona's laws, the claims do not arise out of or relate to the contacts."). Simply having stores in Arizona is insufficient to satisfy the "arising out of" requirement where plaintiff's claims are unrelated to the operation of those locations. *See Gillespie v. Cracker Barrel Old Country Store Inc.*, 2022 WL 2905041, at *4 (D. Ariz. July 22, 2022) (dismissing complaint on personal jurisdiction grounds, holding "Cracker Barrel purposefully directs some activates to Arizona because it operates restaurants here. However, the Plaintiffs' claims do not arise out of Cracker Barrel's operation of restaurants in Arizona."). PacSun's operation of a nationally accessible website does not establish that the website specifically targets Arizona consumers—it does not. *See Nutrition Distribution LLC v. Juggernaut Nutrition LLC*, 2018 WL 4385598, at *3 (D. Ariz. Sept. 14, 2018) (no specific jurisdiction based on defendant's interactive website where the complaint did "not allege that Defendant's website specifically targets consumers in Arizona, as opposed to the worldwide market.").

Here, Plaintiff's injury, if any, would have arisen even if PacSun had no contacts with Arizona whatsoever. PacSun sent Plaintiff emails at the email address Plaintiff himself voluntarily provided to PacSun more than five years ago. Isola Decl., ¶ 7. Plaintiff would have received the same emails regardless of where he lived, whether in Arizona or otherwise. Plaintiff cannot demonstrate that his injury would not have occurred but for PacSun's Arizona contacts. *See*, *e.g.*, *Humphries*, 2018 WL 1510441, at *4 (in action where defendant employer reduced plaintiff's benefits after she moved to Arizona, holding that

defendant's connections did not play a role in plaintiff's injury since "the Court can only conclude that Plaintiff would have received the same decision from Defendant regardless of the location of Plaintiff's residence. In other words, the only connection that Plaintiff has shown Defendant has with Arizona in this case is through Plaintiff. This is insufficient.")

PacSun is not subject to jurisdiction in Arizona since Plaintiff's claims do not arise out of PacSun's connection with the forum.

**CONCLUSION**

For all the reasons stated above, this Court should grant this Motion in its entirety and dismiss the complaint against PacSun.

Dated: September 16, 2024 Respectfully submitted,

By: /s/ *Brian M. Bergin*

**BERGIN, FRAKES, SMALLEY & OBERHOLTZER, PLLC**
Brian M. Bergin (AZ Bar No. 016375)
4343 East Camelback Road, Suite 210
Phoenix, Arizona 85018
Telephone: 602.888.7855
Email: bbergin@bfsolaw.com

*Local Counsel for Manatt, Phelps & Phillips, LLP*

**MANATT, PHELPS & PHILLIPS, LLP**
Brad Seiling (Admitted *Pro Hac Vice*)
Email: BSeiling@manatt.com
Nathaniel L. Bach (Admitted *Pro Hac Vice*)
Email: NBach@manatt.com
Cody A. DeCamp (Admitted *Pro Hac Vice*)
Email: CDeCamp@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: 310.312.4000

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of September 2024, I caused the foregoing document to be filed with the Arizona District Court Clerk's office using the CM/ECF System for filing, which will provide a Notice of Electronic Filing to all CM/ECF registrants.

By: */s/ Shelly Hilton* ________