**BERGIN, FRAKES, SMALLEY & OBERHOLTZER, PLLC**
Brian M. Bergin (AZ Bar No. 016375)
Email: BBergin@bfsolaw.com
4343 East Camelback Road, Suite 210
Phoenix, Arizona 85018
Telephone: 602.888.7855
Email: bbergin@bfsolaw.com

**MANATT, PHELPS & PHILLIPS, LLP**
Brad W. Seiling (Admitted *Pro Hac Vice*)
E-mail: bseiling@manatt.com
Nathaniel L. Bach (Admitted *Pro Hac Vice*)
E-mail: NBach@manatt.com
Cody A. Decamp (Admitted *Pro Hac Vice*)
E-mail: CDeCamp@Manatt.com
2049 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: 310.312.4000

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Anthony Williams, individually and on behalf of all others similarly situated,

Plaintiff,

v.

Pacific Sunwear of California, LLC,

Defendant.

No. CV-24-02015-PHX-JJT

**ANSWER TO CLASS ACTION COMPLAINT**

## NATURE OF THE CASE

1. Admit.

2. Defendant admits that it sends marketing emails to consumers who have agreed to receive them. Defendant further admits that certain of its marketing emails utilize “pixel” technology that allow it to determine whether a consumer is engaging with the email. Defendant denies any remaining allegations in Paragraph 2.

3. The allegations in Paragraph 3 reflect legal conclusions and citations to legal authority that speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 3.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and on that basis denies them.

5. Defendant denies the allegations in Paragraph 5.

6. Defendant denies the allegations in Paragraph 6.

## **JURISDICTION AND VENUE**

7. The allegations in Paragraph 7 reflect legal conclusions and citations to legal authority that speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 7.

8. The allegations in Paragraph 8 reflect legal conclusions and citations to legal authority that speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 8.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and on that basis denies them.

## **PARTIES**

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on that basis denies them.

11. Admit.

## **COMMON FACTUAL ALLEGATIONS**

### **I. Email Spy Pixels**

12. The allegations in Paragraph 12, in part, reflect legal conclusions and citations to legal authority that speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the hyperlink contained in footnote 2 of the Complaint and on that basis denies them.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis denies them.

14. Defendant admits that email trackers are used, among other things, to measure various metrics regarding email recipients' engagement with the email. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and on that basis denies them.

15. Defendant admits that email trackers are used, among other things, to measure various metrics regarding email recipients' engagement with the email. Defendant denies the remaining allegations in Paragraph 15.

16. Defendant admits that email trackers are used, among other things, to measure various metrics regarding email recipients' engagement with the email. Defendant denies the remaining allegations in Paragraph 16.

17. Defendant admits that email trackers are used, among other things, to measure various metrics regarding email recipients' engagement with the email. Defendant denies the remaining allegations in Paragraph 17.

## II. Defendant's Spy Pixel Tracking

18. Defendant admits only that certain marketing emails sent to consumers who have agreed to receive them contain technology that enables Defendant to determine if the email was opened or otherwise engaged with. Defendant denies the remaining allegations in Paragraph 18.

19. Defendant admits only that certain marketing emails sent to consumers who have agreed to receive them contain technology that enables Defendant to determine if the email was opened or otherwise engaged with. Defendant denies the remaining allegations in Paragraph 19.

20. Defendant admits only that certain marketing emails sent to consumers who have agreed to receive them contain technology that enables PacSun to determine if the email was opened or otherwise engaged with. Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on that basis denies them.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and on that basis denies them.

22. Defendant denies the allegations in Paragraph 22.

**FACTS SPECIFIC TO PLAINTIFF**

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and on that basis denies them.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and on that basis denies them.

25. Defendant admits only that certain marketing emails sent to consumers who have agreed to receive them contain technology that enables Defendant to determine if the email was opened or otherwise engaged with. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and on that basis denies them.

26. Defendant admits only that certain marketing emails sent to consumers who have agreed to receive them contain technology that enables Defendant to determine if the email was opened or otherwise engaged with. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and on that basis denies them.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff was aware that emails he received from Defendant, if any, utilized read receipt technology. Defendant denies all remaining allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

**CLASS ALLEGATIONS**

31. The allegations in Paragraph 31 reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 31.

32. The allegations in Paragraph 32 reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 32.

33. The allegations in Paragraph 33 reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 33.

34. The allegations in Paragraph 34 reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 34.

35. The allegations in Paragraph 35, and all subparagraphs therein, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 35.

36. The allegations in Paragraph 36 reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 36.

37. The allegations in Paragraph 37 reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 37.

38. The allegations in Paragraph 38 reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 38.

**COUNT ONE**
**Violations of A.R.S. § 44-1376.01**
**(On behalf of Plaintiff and the Class)**

39. Defendant incorporates by reference its responses to the allegations in Paragraphs 1 through 38 as if fully stated herein.

40. Defendant admits only that certain marketing emails sent to consumers who have agreed to receive them contain technology that enables Defendant to determine if the email was opened or otherwise engaged with. Defendant denies the remaining allegations in Paragraph 40.

41. The allegations in Paragraph 41 reflect legal conclusions and citations to legal authority that speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 41.

42. The allegations in Paragraph 42 reflect legal conclusions and citations to legal authority that speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. The allegations in Paragraph 48 reflect legal conclusions and citations to legal authority that speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 48.

**Prayer for Relief**

Defendant denies each allegation set forth in the "Prayer for Relief" including all subparts and specifically denies that Plaintiff is entitled to any of the damages or other relief requested in the Complaint.

**GENERAL DENIALS**

Other than the allegations that Defendant has specifically admitted above, Defendant denies all allegations in the Complaint, including those in headings, attached exhibits, and subparts or subparagraphs, and in footnotes (including allegations inferred from cited webpages or legal authority).

**AFFIRMATIVE DEFENSES**

Without waiving the foregoing or undertaking any burden of proof not otherwise assigned to it, Defendant asserts the following separate and affirmative defenses to the claims alleged in the Complaint. All defenses are pleaded in the alternative and do not constitute an admission either of liability, or as to whether Plaintiff is entitled to relief. As separate and distinct affirmative defenses to the Complaint, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

Plaintiff fails to state a claim for which relief may be granted against Defendant.

**SECOND AFFIRMATIVE DEFENSE**
**(Consent or Authorization Provided or Not Required)**

Plaintiff's claim is barred because, to the extent the communications at issue constitute "communication service records," which Defendant denies, Plaintiff provided his authorization for Defendant to procure such records.

**THIRD AFFIRMATIVE DEFENSE**
**(Fifth Amendment Due Process)**

To the extent the Arizona's Telephone, Utility and Communication Service Record Act ("TUCSRA") is applied against Defendant to impose upon Defendant liability in circumstances that Defendant could not have reasonably avoided and/or damages that would be grossly disproportional to any actual harm caused by the activity in question, TUCSRA violates the Due Process Clause of the Fifth Amendment to the United States Constitution. *See Golan v. Veritas Ent., LLC, No. 4:14CV00069 ERW*, 2017 WL 3923162, at *3 (E.D. Mo. Sept. 7, 2017), *aff'd sub nom. Golan v. FreeEats.com, Inc.*, 930 F.3d 950

(8th Cir. 2019) (citing *Capital Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012) ("a specific damages award may be unconstitutional if it is so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable.")).

**FOURTH AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

Plaintiff lacks standing to bring his claims under Article III of the United States Constitution or otherwise (including "prudential" or "statutory" standing).

**ADDITIONAL AFFIRMATIVE DEFENSES**

The Complaint does not describe the claims or facts with sufficient particularity to permit Defendant to ascertain what other defenses may exist. Defendant will rely on all and any all further defenses that become available or appear during discovery in this action and specifically reserves the right to assert any additional defenses.

**PRAYER**

Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of the Complaint;
2. That Defendant be awarded its costs and expenses incurred in this action; and
3. That Defendant recover any other relief that this Court deems just and proper.

Dated: November 27, 2024

Respectfully submitted,

By: */s/ Brian M. Bergin*

**BERGIN, FRAKES, SMALLEY & OBERHOLTZER, PLLC**
Brian M. Bergin (AZ Bar No. 016375)
4343 East Camelback Road, Suite 210
Phoenix, Arizona 85018
Telephone: 602.888.7855
Email: bbergin@bfsolaw.com
*Local Counsel for Manatt, Phelps & Phillips, LLP*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2024, I caused the foregoing document to be filed with the Arizona District Court Clerk's office using the CM/ECF system for filing, which will provide a Notice of Electronic Filing to all CM/ECF registrants.

By: *<u>/s/ Shelly Hilton</u>*