**BERGIN, FRAKES, SMALLEY & OBERHOLTZER, PLLC**
Brian M. Bergin (AZ Bar No. 016375)
Email: BBergin@bfsolaw.com
4343 East Camelback Road, Suite 210
Phoenix, Arizona 85018
Telephone: 602.888.7855
Email: bbergin@bfsolaw.com

**MANATT, PHELPS & PHILLIPS, LLP**
Brad W. Seiling (Admitted *Pro Hac Vice)*
Email: BSeiling@manatt.com
Nathaniel L. Bach (Admitted *Pro Hac Vice*)
Email: NBach@manatt.com
Cody A. DeCamp (Admitted *Pro Hac Vice*)
Email: CDeCamp@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: 310.312.4000

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Anthony Williams, individually and on behalf of all others similarly situated,

Plaintiff,

v.

Pacific Sunwear of California, LLC,

Defendant.

No. CV-24-02015-PHX-JJT

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

**(ORAL ARGUMENT REQUESTED)**

# TABLE OF CONTENTS


**Page**

INTRODUCTION ..... 1

I. ARGUMENT ..... 1

A. TUCSRA is Inapplicable to PacSun as it is not a Communication Service Provider ..... 1

B. The Email Technology at Issue is not a "Communication Service Record" ..... 2

C. The Rule of Lenity Forecloses Liability ..... 4

D. TUCSRA's Legislative History Does Not Support Plaintiff's Interpretation of the Statute ..... 5

E. Plaintiff Fails to Establish that he is PacSun's "Customer" ..... 6

II. DISMISSAL SHOULD BE WITH PREJUDICE ..... 7

CONCLUSION ..... 8

# TABLE OF AUTHORITIES

**Page**

## CASES

*Allen v. City of Beverly Hills*,
911 F.2d 367 (9th Cir. 1990) .................... 7

*Bonin v. Calderon*,
59 F.3d 815 (9th Cir. 1995) .................... 7

*Buckey v. Cnty. of Los Angeles*,
968 F.2d 791 (9th Cir. 1992) .................... 5

*Carbajal v. Home Depot U.S.A., Inc.*,
2024 WL 5118416 (D. Ariz. Dec. 16, 2024) .................... passim

*D'Hedouville v. H&M Fashion USA, Inc.*,
No. C20243386 (Ariz. Super. Ct. Oct. 11, 2024) .................... passim

*Hartley v. Urb. Outfitters, Inc.*,
--- F.Supp.3d ----, 2024 WL 3445004 (E.D. Pa. July 17, 2024) .................... 5

*In re Pangang Grp. Co., LTD.*,
901 F.3d 1046 (9th Cir. 2018) .................... 7

*Mills v. Saks.com LLC*,
2025 WL 34828 (S.D.N.Y. Jan. 6, 2025) .................... passim

*Smith v. Target Corporation*,
No. CV2024-025462 (Ariz. Super Ct. Jan. 8, 2025) .................... 2, 4, 5, 8

## STATUTES

A.R.S. § 13-3018(G) .................... 1

A.R.S. § 44-1376(1) .................... 1, 3, 4

A.R.S. § 44-1376.02 .................... 5

A.R.S. § 44-1376.04(A) .................... 7

**INTRODUCTION**

Every court that has considered claims that email tracking pixels violate Arizona's Telephone, Utility and Communication Service Records Act ("TUCSRA") has rejected those claims and dismissed them with prejudice. Since PacSun filed its Motion for Judgment on the Pleadings, two additional federal courts, including Senior District Judge David G. Campbell in this District, and one more Arizona state court have determined that TUCSRA does not apply to email tracking pixels. That is because, as set forth in PacSun's opening brief, the plain language of TUCSRA does not extend to email tracking technology. Plaintiff's opposition fails to demonstrate that the conduct alleged in the complaint fits within the narrow confines of TUCSRA. This Court should reject Plaintiff's invitation to expand TUCSRA's scope.

**I. <u>ARGUMENT</u>**

**A. <u>TUCSRA is Inapplicable to PacSun as it is not a Communication Service Provider.</u>**

Plaintiff's attempt to expand the definition of "communication service records" is contrary to the plain language of the statute and basic principles of statutory construction. ECF No. 26, p. 5.[1]

*First*, Plaintiff argues that the Eavesdropping and Communications Act's ("ECA") definitions are irrelevant to interpreting TUCSRA. ECF No. 26, p. 5. Not so. Rather, "contrary to Plaintiff's assertion, the interpretation of the TUCSRA should comport with the Eavesdropping and Communications Act. The statutes address related subjects and the TUCSRA uses specific language from the Act." *Carbajal v. Home Depot U.S.A., Inc.*, 2024 WL 5118416, at *3 (D. Ariz. Dec. 16, 2024) (internal citations omitted) (collecting cases). Plaintiff does not dispute that TUCSRA and the ECA address related subjects, or that both statutes contain identical definitions of "communication service record." *Compare* A.R.S. § 44-1376(1) with *id.* § 13-3018(G). It follows that, like ECA, a "communication service

[1] Page citations refer to the pagination generated by ECF.

record" under TUCSRA must be one maintained by a "communication service provider."

*Second*, contrary to Plaintiff's argument, this straightforward harmonization of the statutory scheme does not mean that "any person or entity would be permitted to procure, or cause to be procured, communication service records without authorization or by deceptive means, as long as they are not a 'communication service provider.'" *See* ECF No. 26, p. 6. Plaintiff misconstrues PacSun's argument. PacSun is not arguing that the statute only imposes liability on "communication service providers," but that the "communication service records" a person may be liable for obtaining through surreptitious means are those containing the "subscriber information" maintained by a "communication service provider". ECF No. 23, p. 10–12. PacSun is a retailer, not a communication service provider. The information it obtains from email tracking pixels is not a "communication service record" within the meaning of TUCSRA.

**B. <u>The Email Technology at Issue is not a "Communication Service Record".</u>**

Plaintiff is correct that *D'Hedouville v. H&M Fashion USA, Inc.*, No. C20243386 (Ariz. Super. Ct. Oct. 11, 2024), is not binding precedent. But that court's reasoning and analysis of the plain meaning of TUCSRA and the definition of "communication service record" is persuasive. That's not just PacSun's argument. Other federal judges have found *D'Hedouville*'s reasoning persuasive and have cited *D'Hedouville* with approval when addressing claims identical to the one advanced by Plaintiff here. *See Carbajal*, 2024 WL 5118416, at *4 ("The Court's interpretation of the TUCSRA is consistent with a recent state court case, *D'Hedouville v. H&M Fashion USA, Inc.*"); *Mills v. Saks.com LLC*, 2025 WL 34828, at *7 (S.D.N.Y. Jan. 6, 2025) (same). So too have Arizona state court judges. *Smith v. Target Corporation*, No. CV2024-025462 (Ariz. Super Ct. Jan. 8, 2025) (dismissing TUCSRA claim after finding that email tracking pixel technology is not covered by the statute)[2].

[2] A copy of this state court decision is attached hereto as **Exhibit A**.

None of Plaintiff's arguments compels a different result. Plaintiff argues that email tracking technology is a "communication service record" because dictionary definitions of "access" and "log" can encompass information about when an email is opened and what was clicked on. ECF No. 26, p. 7, 8. This same argument was rejected in *Carbajal*. 2024 WL 5118416, at *3 ("Plaintiff provides dictionary definitions for some terms in the definition, such as 'access' and 'log,' but she makes no attempt to define the key phrase 'communication service,' which modifies 'record,' or to explain what role that phrase plays in the TUCSRA.").

Plaintiff's argument that the definition of "communication service record" is "very broad" ignores the qualifying language in the statute. ECF No. 26, p. 8. As Judge Campbell explained, "[i]f the Arizona legislature had intended the TUCSRA to apply to any record about any communication as Plaintiff contends, it could have done so by using the word 'record.' Instead, it used the phrase 'communication service record,' which it lifted verbatim from the Eavesdropping and Communications Act, a statute that applies directly to 'communication service providers.'" *Carbajal*, 2024 WL 5118416, at *3.

Additionally, Plaintiff fails to grapple with the fact that TUCSRA's definition of "communication service record" is limited to "subscriber information." A.R.S. § 44-1376(1). "Access logs" contemplated by TUCSRA do not refer to any log of information, but only those belonging to a *subscriber*. *Id.* The only way this definition makes sense is if it refers to records of subscribers of a communication service provider. *Carbajal*, 2024 WL 5118416, at *4 ("the overall statutory scheme and the statute's specific language make clear that 'communication service record' does not simply refer to the discrete categories of information listed in the definition (categories that could be said to have been captured by the tracking pixels), but instead refers to records communication service providers maintain about their subscribers."); *Mills*, 2025 WL 34828, at *7 (agreeing with *Carbajal* that "communication service record" is "expressly limited to 'subscriber information'" and dismissing TUCSRA claim without leave to amend).

The conclusion that TUCSRA only applies to "communication service records"

maintained by "communication service providers" is further bolstered by the fact TUCSRA's (and the ECA's) definition of "communication service provider" "specifically includes 'the nature of the *communication service provided*, such as caller identification, automatic number identification, voice mail, electronic mail, paging or other service features.' A.R.S. § 44-1376(1)." *Carbajal*, 2024 WL 5118416, at *4 n. 6 (emphasis in original).

Nothing in the Complaint suggests that PacSun surreptitiously obtained Plaintiff's subscriber information or other information that would qualify as "communication service records." Plaintiff's TUCSRA claim fails for that simple reason.

### C. <u>The Rule of Lenity Forecloses Liability.</u>

Plaintiff's argument that the rule of lenity is inapplicable because "giving each word in the TUCSRA its plain meaning would have clearly put Defendant on notice of the prohibited conduct contemplated by the statute" strains credulity. ECF No. 26, p. 9, 10.

*First*, Plaintiff argues that the rule of lenity is inapplicable because the TUCSRA is unambiguous. To be clear, Defendant agrees that the statute is unambiguous and raises the rule on lenity only to the extent the Court finds that TUCSRA's scope encompasses email tracking technology. Defendant contends, and every court to consider the issue has agreed, that TUCSRA's plain language unambiguously forecloses Plaintiff's novel interpretation of the statute. *Carbajal*, 2024 WL 5118416, at *5 ("The conduct at issue – sending marketing emails and collecting information through tracking pixels – simply is not covered by the TUCSRA."); *Mills*, 2025 WL 34828, at *7 (ruling similarly); *Smith*, CV 2024-025462 (same); *D'Hedouville*, C20243386, at *4–*5 (same).

Only if the Court finds the statute ambiguous would the rule of lenity come into play. And the rule would counsel against imposing liability on PacSun. Contrary to Plaintiff's contention, TUCSRA's plain language does not "clearly put Defendant on notice" that TUCSRA encompasses records other that "communication service records" maintained by "communication service providers." This argument ignores the fact that

there is "no case from Arizona or elsewhere supporting h[is] novel and broad interpretation of the TUCSRA. Until recently, the only cases addressing the statute arose in the criminal context and involved the law enforcement exemption under A.R.S. § 44-1376.02." *Carbajal*, 2024 WL 5118416, at *4; *see also Hartley v. Urb. Outfitters, Inc.*, --- F.Supp.3d ----, 2024 WL 3445004, at *4 (E.D. Pa. July 17, 2024) ("this case is brought under an Arizona statute that, prior to the recent wave of similar putative class actions brought in federal courts throughout the country, has never been invoked in a civil action of this nature.").

Lastly, *Buckey v. Cnty. of Los Angeles*, 968 F.2d 791 (9th Cir. 1992), is inapposite. *Buckey* does not even mention lenity or Defendant's burden to show that the rule is applicable; the Ninth Circuit only examined the issue of whether a plaintiff should be permitted to amend their complaint. *Buckey*, 968 F.2d at 795 ("We conclude that Buckey should be given the opportunity to amend her complaint.")

Even if the Court were to determine that TUCSRA applies to the conduct alleged in the Complaint, the rule of lenity counsels that PacSun not face criminal liability since the statute did not provide fair warning that it regulated the complained of conduct.

### D. TUCSRA's Legislative History Does Not Support Plaintiff's Interpretation of the Statute.

Plaintiff's contention that TUCSRA's legislative history supports his expansive interpretation of the statute is also wrong. ECF No. 26, p. 10–12.

As a preliminary matter, because TUCSRA is not ambiguous, resort to the legislative history is unnecessary. *See* ECF No. 23, p. 11 ("While the statutory text and scheme are sufficient to demonstrate that TUCSRA does not apply to read receipt technology, the legislative history removes all doubt.") Indeed, every court to consider the issue has determined that TUCSRA's plan language forecloses liability for the email tracking technology at issue here. *See Carbajal*, 2024 WL 5118416, at *5; *Mills*, 2025 WL 34828, at *7; *Smith*, CV 2024-025462; *D'Hedouville*, C20243386, at *4–*5.

But the legislative history doesn't help Plaintiff. Plaintiff's primary argument is

that the legislature amending the statute in 2007 to include "public utility records" and "communication service records" suggests that TUCSRA "is not limited to telephone pretexting." ECF No. 26, p. 11. Plaintiff fails to address Defendant's argument that the legislative history of the 2007 amendment still demonstrates that the legislature was primarily concerned with pretexting. *See* ECF No. 23, p. 16–18; *see also D'Hedouville*, Case No. C20243386, p. 4 (explaining that TUCSRA's "initial focus on telephone records was expanded to include 'communication service records' and 'public utility records.' It again showed a concern that confidential information regarding a subscriber to a communication service might be procured by fraudulent or deceptive means."); *Carbajal*, 2024 WL 5118416, at *5 (same).

Even if the addition of "communication service record" showed that the legislature intended for TUCSRA to be applied more broadly than in the context of pretexting telephone records, this would not support Plaintiff's conclusion that the amendment "demonstrates that the Arizona legislature intended to prohibit Defendant's conduct." ECF No. 26, p. 12. Plaintiff cites no authority, or legislative history, suggesting that the legislature was concerned with email tracking technology. The best Plaintiff can muster is the circular argument that (1) the amendments regulate "communication service records", (2) email tracking technology is a "communication service record," and (3) therefore the legislature intended to regulate the technology at issue in the Complaint. *See id.* Plaintiff's argument fails based on the statute's plain language (*see* Sections I.A and I.B, *supra*), and this conclusion is further supported by the legislative history showing that the Arizona legislature was concerned with the narrow issue of pretexting—not crafting a comprehensive privacy statute. *See Carbajal*, 2024 WL 5118416, at *4 ("The Arizona legislature could expand the TUCSRA to cover information gathered by marketing emails and pixel technology, but it has not done so.").

**E. <u>Plaintiff Fails to Establish that he is PacSun's "Customer".</u>**

Plaintiff argues that TUCSRA does not require that Plaintiff be a customer of PacSun. ECF No. 26, p. 12, 13. But Plaintiff ignores the fact that TUCSRA provides a

private right of action only to "*a customer* whose communication service records, telephone records or public utility records were procured, sold or received in violation of" the statute. A.R.S. § 44-1376.04(A) (italics added). Canons of statutory interpretation counsel against rendering any language in a statute superfluous. *In re Pangang Grp. Co., LTD.*, 901 F.3d 1046, 1056 (9th Cir. 2018) ("The superfluity canon guides a court to infer that Congress did not intend to make any portion of a statute superfluous, and therefore 'we must give effect to every word of a statute wherever possible.'"). Plaintiff's argument would render the word "customer" superfluous. Even assuming TUCSRA applied to email tracking technology, Plaintiff still must allege that he was a customer of PacSun in order to assert a claim. A.R.S. § 44-1376.04(A). Plaintiff's failure to allege that he is a PacSun customer or a subscriber means he has no private right of action under TUCSRA. *See*, *e.g.*, *D'Hedouville*, Case No. C20243386, p. 3 (dismissing TUCSRA where "Plaintiff has not alleged that he is a customer of H&M because he does not claim that he has purchased any item from H&M.").

## II. <u>DISMISSAL SHOULD BE WITH PREJUDICE.</u>

Plaintiff's claim is incapable of amendment and should be dismissed with prejudice. Plaintiff fails to state what new facts he could allege to bring his claim within TUCSRA other than stating that he can allege he was a PacSun customer (without providing facts to support that conclusion). *See* ECF No. 26, p. 13. Courts have discretion to deny leave to amend "where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990) (same). Plaintiff's failure to identify the "several material facts" that would make his claim actionable under TUCSRA warrants dismissal of the claim with prejudice.

In any event, Plaintiff's purported status as a PacSun customer would not change the fact that the information collected by email trackers, such as how Plaintiff engaged with an email, cannot be classified as "communication service records" under TUCSRA. That

is why every Court to dismiss the novel TUCSRA claims advanced by Plaintiff here has dismissed them with prejudice. *Carbajal*, 2024 WL 5118416, at *5 (granting motion to dismiss and directing clerk to enter judgment in favor of defendant); *Mills*, 2025 WL 34828, at *7 (S.D.N.Y. Jan. 6, 2025) (same, holding "[b]ecause the defects in Mills' complaint cannot be cured with an amendment, the Court declines to grant Mills leave to amend her complaint."); *Smith*, CV 2024-025462, at *4 (granting motion to dismiss with prejudice); *D'Hedouville*, Case No. C20243386, p. 5 (entering judgment after determining that "Amendment of the Complaint would be futile."). The Court should reach the same conclusion here.

## CONCLUSION

Defendant PacSun respectfully requests that the Court grant the Motion for Judgment on the Pleadings and dismiss the Complaint with prejudice.

Dated: January 22, 2025

Respectfully submitted,

By: */s/ Brian M. Bergin*

**BERGIN, FRAKES, SMALLEY & OBERHOLTZER, PLLC**
Brian M. Bergin (AZ Bar No. 016375)
4343 East Camelback Road, Suite 210
Phoenix, Arizona 85018
Telephone: 602.888.7855
Email: bbergin@bfsolaw.com
*Local Counsel for Manatt, Phelps & Phillips, LLP*

**MANATT, PHELPS & PHILLIPS, LLP**
Brad Seiling (Admitted *Pro Hac Vice*)
Email: BSeiling@manatt.com
Nathaniel L. Bach (Admitted *Pro Hac Vice*)
Email: NBach@manatt.com
Cody A. DeCamp (Admitted *Pro Hac Vice*)
Email: CDeCamp@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: 310.312.4000
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of January, 2025, I caused the foregoing document to be filed with the Arizona District Court Clerk's office using the CM/ECF System for filing, which will provide a Notice of Electronic Filing to all CM/ECF registrants.

*/s/ Shelly Hilton*